UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CHRISTOPHER MICHAEL JOHNSON**                                                            **PLAINTIFF**

v.                                                            **CIVIL ACTION NO. 4:19-CV-P173-JHM**

**MS. GIBSON**                                                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for summary judgment filed by Defendant Gibson (DN 18) and a response and cross-motion for summary judgment filed by *pro se* Plaintiff Christopher Michael Johnson (DN 20). For the following reasons, the Court will grant Defendant Gibson's motion for summary judgment and deny Plaintiff Johnson's cross-motion for summary judgment.

### I. BACKGROUND

Plaintiff was previously incarcerated at the Henderson County Detention Center (HCDC) where he indicates Defendant "Ms. Gibson" is employed as the Chief Deputy. Plaintiff sued Defendant Gibson in both her official and individual capacities. In the complaint, Plaintiff claimed that Defendant Gibson placed him in segregation where he was denied the opportunity to be outside of his cell for an hour each day. He also alleged that while placed in segregation Defendant Gibson deprived him of his "right to social media" and that he should have been provided a "T.V., radio, or newspaper." (DN 1, Compl.).

### II. LEGAL STANDARD

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the

basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Obligations under Rule 56 are not lessened for a *pro se* plaintiff. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *7 (6th Cir. May 5, 2010) (internal citations omitted). The Sixth Circuit has made it clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010).

### III. ANALYSIS

**A. Denial of Time Out of Cell**

The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."[1] *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v.Chapman*, 452 U.S. 337, 345 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Indeed, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. With regard to Plaintiff's specific claim, the Sixth Circuit has never set a minimum amount of recreation time an inmate must have access to, *see Rodgers v. Jabe*, 43 F.3d 1082, 1086-88 (6th Cir. 1995), but it has held that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification" violates Eighth Amendment guarantees. *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983); *see also Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985).

Here, the record shows that Plaintiff was placed in segregation at HCDC following a disciplinary hearing. (DN 18-9, Results of Disciplinary Hearing). Defendant Gibson presents

---

[1] In the complaint, Plaintiff alleged that he was a pretrial detainee and claimed that his Fourteenth Amendment right had been violated by his placement in a segregation cell without the opportunity for one hour out each day. However, in her motion for summary judgment, Defendant Gibson attaches documents which show that Plaintiff was actually a convicted prisoner during his incarceration at HCDC (DN 18-2, Indiana Criminal Case Summary). . Thus, Plaintiff's claim is actually governed by the Eighth Amendment. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) ("The Eighth Amendment provides [a convicted] inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.") (citation omitted).

evidence that Plaintiff was offered a "12 hour walk" or "recreation time" on twenty-five of the thirty-seven days he spent in segregation and that he rejected the opportunity for such on every occasion but one. (DN 18-11, HCDC Daily Isolation Log; DN 18-12, Gibson Affidavit). This evidence also shows that the twelve days on which Plaintiff was not offered time outside of his cell were intermittent and that the longest number of consecutive days he was not offered this opportunity while in isolation was four days. (DN 18-11, HCDC Daily Isolation Log). Plaintiff does not present any evidence in conflict with these facts. Upon review, the Court concludes that no jury could reasonably find that Plaintiff was subjected to the type of extreme deprivations necessary to establish an Eighth Amendment claim and that Defendant Gibson, therefore, is entitled to summary judgment on this claim. *See, e.g.*, *LaPlante v. Lovelace*, No. 2:13-cv-32, 2013 U.S. Dist. LEXIS 145870, at *20-22 (W.D. Mich. Oct. 9, 2013) (holding no constitutional deprivation where the plaintiff was offered indoor recreation on only seven occasions over two-month period); *Brown v. Kelly*, No. 4:12cv1356, 2012 U.S. Dist. LEXIS 165539, at *10 (N.D. Ohio Nov. 20, 2012) (holding denial of recreation outside of the plaintiff's cell for one week while he was in segregation was insufficient to state an Eighth Amendment claim) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

### B. Denial of Access to Media

The Court next addresses Plaintiff's claim that Defendant Gibson violated his constitutional rights by denying him access to social media, television, radio, and newspapers while in segregation.[2] It is well-settled that the "First Amendment serves to protect the flow of

---

[2] In his cross-motion for summary judgment, Plaintiff also argues that Defendant Gibson violated his constitutional rights by denying him access to his attorney, a phone, legal materials, and "legal information" while he was in segregation. These claims, however, are not properly before the Court because they were not included in the complaint. *See Tucker v. Union of Needletrades, Indus., & Textile Empl.*, 407 F.3d 784, 787-88 (6th Cir. 2005) (holding that a party may not advance new claims in opposition to a summary judgment motion after ample time for discovery and amending the complaint).

4

information to prisoners; thus any limitations on prisoner access to information must be reasonably related to a legitimate penological interest." *Rapp v. Barboza*, No. 9:13-CV-0599 (NAM/DEP), 2016 U.S. Dist. LEXIS 94557, at *19 (N.D.N.Y. July 19, 2016) (citing *Turner Turner v. Safley*, 482 U.S. 78, 89-90 (1987)); *Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989); *Bell v. Wolfish*, 441 U.S. 520, 545, 550-51(1979)). However, the Supreme Court has held that prisoners in segregation can be denied newspapers because such a ban can be rationally related to rehabilitation. *Beard v. Banks*, 548 U.S. 521 (2006); *see also Pona v. Weeden*, No. 16-612S, 2017 U.S. Dist. LEXIS 121093, at *19 (D.R.I. June 29, 2017) (dismissing claim based upon ban of newspapers and books while in segregation since "[l]imiting [] access to reading materials of prisoners with the most serious behavioral problems is consistent with the exercise of an appropriate experience-based professional judgment by prison officials seeking to further legitimate prison objectives") (citing *Beard*, 548 U.S. at 533). Other courts have recognized that prisoners have no First Amendment right of access to a television, *Coleman v. Gov. of Mich.*, 413 F. App'x 866, 875 (6th Cir. 2011), or the internet. *Carmony v. Cty. of Sacramento*, No. CIV S-05-1679 LKK GGH P, 2008 U.S. Dist. LEXIS 11137, at *48 (E.D. Cal. Feb. 14, 2008) (holding that a "civil detainee" does not have a "free-standing First Amendment right to access computers and/or the internet").

Thus, the Court concludes that Defendant Gibson is entitled to summary judgment on Plaintiff's claim that his First Amendment rights were violated when he was denied access to media while placed in segregation at HCDC.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Gibson's motion for summary judgment is **GRANTED** (DN 18) and that Plaintiff Johnson's cross-motion for summary judgment (DN 20) is **DENIED**.

Date:   November 23, 2020

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.011